APPENDIX A

# United States Bankruptcy Court
## District of Maryland

In re **Tonya H. Howes**                                                                 Case No. **16-22829**
                              Debtor(s)                                                   Chapter **13**

## CHAPTER 13 PLAN

■ Original Plan          ☐ Amended Plan          ☐ Modified Plan

The Debtor proposes the following Chapter 13 plan and makes the following declarations:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and Debtor will pay as follows (select only one):

    a.   $ **2,677.00** per month for a term of **60** months. OR

    b.   $____ per month for ____ month(s),
         $____ per month for ____ month(s),
         $____ per month for ____ month(s), for a total term of ____ months. OR

    c.   $____ per month prior to confirmation of this plan, and $____ per month after confirmation of this plan, for a total term of ____ month(s),

2. From the payments received, the Trustee will make the disbursements in the order described below:
    a.   Allowed unsecured claims for domestic support obligations and trustee commissions.
    b.   Administrative claims under 11 U.S.C. § 507(a)(2), including attorney's fee balance of $ **0.00** (unless allowed for a different amount by an order of Court).
    c.   Claims payable under 11 U.S.C. § 1326(b)(3). Specify the monthly payment: $ **0.00**.
    d.   Other priority claims defined by 11 U.S.C. § 507(a)(3) - (10). The Debtor anticipates the following claims:

| Claimant | Amount of Claim |
|---|---|
| **Comptroller of the Treasury** | **2,000.00** |
| **Internal Revenue Service** | **5,000.00** |

    e.   Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

        i.   Until the plan is confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor; and, after confirmation of the plan, the claims will be treated as specified in 2.e.ii or 2.e.iii, below (designate the amount of the monthly payment to be made by the Debtor prior to confirmation, and provide the redacted account number (last 4 digits only), if any, used by the claimant to identify the claim):

| Claimant | Redacted Acct. No. | Monthly Payment |
|---|---|---|
| **-NONE-** | | |

        ii.  Pre-petition arrears on the following claims will be paid through equal monthly amounts under the plan while the Debtor maintains post-petition payments directly (designate the amount of anticipated arrears, and the amount of monthly payment for arrears to be made under the plan):

| Claimant | Anticipated Arrears | Monthly Payment | No. of Mos. |
|---|---|---|---|
| **Successor to The Columbia Bank** | **200,197.00** | **4,352.11** | **46** |

      iii.    The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan:

| Claimant | Amount | % Rate | Monthly Payment | No. of Mos. |
|---|---|---|---|---|
| -NONE- | | | | |

      iv.    The following secured claims will be satisfied through surrender of the collateral securing the claims (describe the collateral); any allowed claims for deficiencies will be paid pro rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors:

| Claimant | Amount of Claim | Description of Collateral |
|---|---|---|
| -NONE- | | |

      v.    The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor:

| Claimant |
|---|
| -NONE- |

      vi.    If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

      vii.    In the event that the trustee is holding funds in excess of those needed to make the payments specified in the Plan for any month, the trustee may pay secured claims listed in paragraphs 2.e.ii and 2.e.iii in amounts larger than those specified in such paragraphs.

    f.    After payment of priority and secured claims, the balance of funds will be paid 100% on allowed general, unsecured claims.  (If there is more than one class of unsecured claims, describe each class.)

3.    The amount of each claim to be paid under the plan will be established by the creditor's proof of claim or superseding Court order.  The Debtor anticipates filing the following motion(s) to value a claim or avoid a lien. (Indicate the asserted value of the secured claim for any motion to value collateral.):

| Claimant | Amount of Claim | Description of Property |
|---|---|---|
| -NONE- | | |

4.    Payments made by the Chapter 13 trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments due under the Plan, the loan will be deemed current through the date of the filing of this case.  For the purposes of the imposition of default interest and post-petition charges, the loan shall be deemed current as of the filing of this case.

5.    Secured Creditors who are holding claims subject to cramdown will retain their liens until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or discharge under § 1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable nonbankruptcy law.

6.    The following executory contracts and/or unexpired leases are assumed (or rejected, so indicate); any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of §§ 362 and/or 1301 is automatically terminated:

| Other Party | Description of Contract or Lease | Assumed or Rejected |
|---|---|---|

| Other Party | Description of Contract or Lease | Assumed or Rejected |
|---|---|---|
| -NONE- | | |

7. Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. § 1328, or upon dismissal of the case, or upon closing of the case.

8. Non-Standard Provisions:
   **$99,918.00 lumpsum payment in month 5**
   **A. Plan confirmation shall be without prejudice to debtor objecting to the claims provided for in the plan or previously filed in this case. The debtor also reserves and retains the right to file an objection to any proof of claim that does not comply with the applicable provisions of the Bankruptcy Code, the Rules of Bankruptcy Procedure, and the Local Rules of this Court.  And, to the extent that the debtor is required to list and schedules all debts in the Official Forms filed with this case, such a listing shall not be construed as a waiver or an estoppel to the right of the debtor to pursue any such objections.**

   **B. Plan confirmation shall be without prejudice to the parties' claims in the pending appeal before the Fourth Circuit, Civil #15-2332; Jeffrey v. Howes, et al. v. Wells Fargo Bank, NA et al. No mortgage claim shall be paid until the appeals are fully and finally resolved, with no further appeal possible, and the mortgage claim is allowed.**

   **C. Debtor shall promptly pay into an attorney escrow account held by her counsel Robert J. Haeger an amount equal to her regular monthly post-petition mortgage payment without prejudice to her mortgage litigation claims and in lieu of directly making any mortgage payments pending resolution of those claims.**

   **Robert J. Haeger, Attorney for the Debtor(s), Maryland Federal Bar No. 25434**
   **11403 Seneca Forest Circle, Germantown, MD 20876**
   **Voice (888) 463-3520; Fax (240) 454-8193; www.haegerlaw.com**

Date  **October 26, 2016**                                  Signature  **/s/ Tonya H. Howes**
                                                                       **Tonya H. Howes**
                                                                       Debtor

Attorney  **/s/ Robert J. Haeger**
          **Robert J. Haeger**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

In re:   Tonya H. Howes                    :        Case No. 16‑22829-WIL

        Debtor                               :        Chapter 13
_____

CERTIFICATE OF SERVICE

    I hereby certify that on October 26, 2016, I caused a copy of the Debtor's Statement of Financial Affairs, Schedules, Chapter 13 Plan, and Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income to be served on the below listed trustee electronically by the CM/ECF system, and on October 27, 2016 I caused a copy of Debtor's Chapter 13 Plan to be mailed, first class, postage prepaid, to all creditors listed on the attached Court's mailing matrix.

Nancy L. Spencer Grigsby (BY ECF)
Chapter 13 Trustee

                Respectfully submitted,
                /s/ Robert J. Haeger, October 27, 2016
                Robert J. Haeger, Bar No. 25434
                Attorney for Debtor
                11403 Seneca Forest Circle
                Germantown, MD 20876
                (888) 463-3520; www.haegerlaw.com

```
Label Matrix for local noticing      Alpat Company, Inc              Bank of America
0416-0                                POB 1689                        PO Box 15026
Case 16-22829                         Slidell, LA 70459-1689          Wilmington, DE 19850-5026
District of Maryland
Greenbelt
Thu Oct 27 14:00:09 EDT 2016

(p)BANK OF AMERICA                    Chase Bank USA, NA              Childrens Hospital
PO BOX 982238                         PO Box 15298                    PO Box 37214
EL PASO TX 79998-2238                 Wilmington, DE 19850-5298       Baltimore, MD 21297-3214


Childrens National Medical Assoc      Citibank, N.A.                  Comptroller of the Treasury
PO Box 37214                          701 East 60th Street North      Compliance Division - Room 409
Baltimore, MD 21297-3214              Sioux Falls, SD 57104-0493      301 West Preston Street
                                                                      Baltimore, MD 21201-2305


Comptroller of the Treasury           Internal Revenue Service        Jeffrey V. Howes
Compliance Division, Room 409         Centralized Insolvency Operation 7000 Meandering Stream Way
301 W. Preston Street                 POB 7346                        Fulton, MD 20759-2302
Baltimore, MD 21201-2305              Philadelphia, PA 19101-7346


Midland Funding                       Midland Funding LLC             Prince George's County
8875 Aero Dr, Ste 200                 c/o American InfoSource LP      Treasurer Division
San Diego, CA 92123-2255              POB 268941                      Room 1090
                                      Oklahoma City, OK 73126-8941    Upper Marlboro, MD 20772


State of Maryland                     State of Maryland DLLR          Successor to The Columbia Bank
Central Collection Unit               Division of Unemployment Insurance  c/o Mark S. Devan, Esquire
300 West Preston St                   1100 N. Eutaw Street, Room 401  Alba Law Group, P.A.
Baltimore, MD 21201-2307              Baltimore, MD 21201-2225        11350 McCormick Road, Ste. 200
                                                                      Hunt Valley, MD 21031-1002


Nancy Spencer Grigsby                 Robert Haeger                   Tonya H Howes
185 Admiral Cochrane Dr.               Haeger Law                     8101 Sandy Spring Rd, #240
Suite 240                             11403 Seneca Forest Circle      Laurel, MD 20707-3596
Annapolis, MD 21401-7493              Germantown, MD 20876-4307
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Bank of America
PO Box 982235
El Paso, TX 79998-2238
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)US BANK TRUST NATIONAL ASSOCIATION, AS TRU    (u)Green Delivery Service, Inc.              End of Label Matrix
                                                 INVALID ADDRESS PROVIDED                    Mailable recipients    20
                                                                                             Bypassed recipients     2
                                                                                             Total                  22
```